A. J. MALONE v. THE STATE.

No. 19764. Delivered May 25, 1938.
Rehearing denied (without written opinion) October 12, 1938.

The opinion states the case.

*Hughes & Monroe* and *Angelo Piranio,* all of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of being interested in the operation of an open saloon, and his punishment was assessed at a fine of $500.00.

His first contention is that the evidence is insufficient to justify and sustain his conviction.

The record shows that on the 9th day of March, 1937, a beer and wine license was issued to T. J. and A. J. Malone, permitting them to engage in the sale of beer and wine at 301 S. Akard Street in the City of Dallas. This license expired on March 8, 1938. On the 12th day of September, 1937, two agents of the Texas Liquor Control Board entered said place of business and purchased from one of the employees of said establishment, one glass of gin and a bottle of beer. The gin was preserved by them and offered in evidence.

It was further shown that on the 19th day of May, 1937, the appellant and his brother, T. J. Malone, made an application for an injunction against the Texas Liquor Control Board to restrain said board from cancelling their permit or license to do business at said place. It was alleged in the application, which was sworn to by both the appellant and his brother, that they were the owners of said establishment. Thereafter, on the 20th day of August, 1937, appellant was standing at the cash register in said establishment when Mr. Brossman, accompanied by other agents of the Texas Liquor Control Board, entered said place to make a search of it for liquor, at which time he remarked: "Do these boys know what they are doing; we have an injunction against the Texas Liquor Control Board."

Appellant, who testified in his own behalf, admitted that he and his brother had obtained a license to engage in the sale of beer and wine at said place and that it had not been changed or surrendered. That he had leased said premises and the lease still stood in his name. He denied having had an interest either directly or indirectly in said business on September 12, the date of the alleged offense. It was his contention that on or about the 1st of June, 1937, he severed his connection with said business and surrendered all his right in and to said property to his brother, T. J. Malone, and went to Louisiana, where he engaged in the oil business. He denied any act or conduct attributed to him by Mr. Brossman while in said place of business on August 20th.

We think that the testimony raised the issue of whether or not he was either directly or indirectly interested in the business on the day of the alleged offense, and this issue was determined by the jury adversely to appellant's contention. The jury's conclusion is binding on this Court.

Appellant next complains because the court declined to instruct the jury on the law of alibi and declined to give his requested instruction thereon.

It may be true that appellant was not personally present on the day of the alleged offense, but this would not relieve him from being guilty of a violation of the law by knowingly permitting or authorizing the employees to sell spirituous liquors, if in fact he was interested either directly or indirectly in said business at said place.

The court, at the request of appellant, instructed the jury as follows: "You are further charged as a part of the law in this case that although you may find and believe from the evidence beyond a reasonable doubt that A. J. Malone had been

interested in the operation of the Sazerac Tavern located at 301 South Akard Street in the City of Dallas, and although you further find and believe beyond a reasonable doubt that an 'open saloon' as defined in the court's main charge, was operated on September 12, 1937, still you can not convict the defendant if you believe or have a reasonable doubt that the defendant severed his connection with the Sazerac prior to September 12th, 1937, and if you have a reasonable doubt as to whether or not he had severed his connection, you will give the defendant the benefit of the doubt, and say by your verdict 'Not Guilty'."

We think this charge adequately protected appellant in his legal rights.

Appellant also complains because the State was permitted to elicit from appellant on cross-examination that he had previously been convicted of a similar offense at a different place. The court qualified the bill and in his qualification states that appellant, himself, on direct examination by his own counsel, testified to his previous conviction of a similar offense as the one charged. This qualification by the court is fully sustained by the record. Hence, no error is shown.

All other matters complained of by appellant have been considered by us and are deemed to be without merit.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.